CLIFFORD A. AND DOROTHY M. NELSON, Petitioners, v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Nelson v. Commissioner
Docket No. 10510-82.
United States Tax Court
T.C. Memo 1985-81; 1985 Tax Ct. Memo LEXIS 549; 49 T.C.M. (CCH) 799; T.C.M. (RIA) 85081; February 25, 1985. Clifford A. Nelson and Dorothy M. Nelson, pro se. Carolyn Bechman, for the respondent. JACOBS
MEMORANDUM FINDINGS OF FACT AND OPINION JACOBS, Judge: Respondent determined a deficiency in petitioners' Federal income tax for the year 1978 of $4,775 and an addition to tax under section 6653(a) of $239. After concessions, the issues for decision are: (1) whether petitioners are entitled to charitable contribution *550 deductions; and (2) whether petitioners are liable for the addition to tax due to negligence. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts is incorporated herein by this reference. Petitioners, husband and wife, resided in San Clemente, California at the time they filed the petition herein. In 1978, petitioners formed the Western Life Science Church with a payment of $1,000 to Life Science Church. They established a checking account in the name of the Western Life Science Church, on which petitioner Dorothy Nelson could write checks. During that year petitioners transferred $16,850 to that account. In their timely filed income tax return for 1978, petitioners claimed that they had made cash contributions of $17,850. They deducted $13,532.95 of this amount (50 percent of their 1978 adjusted gross income) as a charitable contribution deduction. Respondent disallowed the entire charitable contribution deduction on the grounds that neither the Western Life Science Church nor the Life Science Church was a qualified recipient under section 170(c) and that the funds allegedly contributed had inured to petitioners' private *551 benefit. OPINION To qualify for a charitable deduction, petitioners must prove that they made contributions to a "corporation, trust or community chest, fund or foundation" which is "organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes" and that, among other requirements, none of its net earnings inure to the benefit of a private individual. Sec. 170(c). [1] Petitioners bear the burden of proving they are entitled to this charitable deduction. ; Rule 142(a).Petitioners have not met this burden regarding their payments to either the Western Life Science Church or the Life Science Church.
There was a paucity of evidence with regard to the operations of the Western Life Science Church. Petitioners took the position, on constitutional grounds, that the Internal Revenue Service could not question the operations of their church. Petitioners testified that they held prayer meetings, but the *552 record is silent as to how often these meetings occurred and whether anyone besides petitioners attended. Further, the record is devoid of specific information that would suggest that the Western Life Science Church performed charitable services. Therefore, we cannot find that the Western Life Science Church was operated exclusively for religious, charitable, scientific, literary or educational purposes. To prove that they made contributions, copies of cancelled checks made out to Life Science Church and Western Life Science Church were introduced by petitioners. However, the checks made out to Western Life Science Church were deposited in the Western Life Science Church's checking account on which petitioner Dorothy Nelson was authorized to write checks. We are not told of the disposition of these funds once deposited in the Western Life Science Church's account. Petitioners have not proven that this purported church's net earnings did not inure to their benefit. We thus hold that petitioners are not entitled to the claimed charitable deduction for such amounts. , affd. ; *553 , affd. in an unpublished decision . [2] Furthermore, aside from petitioner Clifford A. Nelson's uncorroborated testimony, we have no evidence, and therefore petitioners have failed to prove, that the $1,000 payment to the Life Science Church was to an organization exempt from taxation under section 501(c)(3), or that petitioners did not personally benefit from the alleged contribution. They therefore are not entitled to a charitable contribution deduction for this $1,000 payment. With regard to the additions to tax under section 6653(a), petitioners bear the burden of proving that no part of any underpayment was due to negligence or intentional disregard of the rules and regulations. . Petitioner presented no evidence to refute respondent's determination of negligence. We also note that they were well aware of the requirement that only valid contributions to a qualified organization qualify for the deduction allowable under section *554 170. It is the height of naivete for petitioners to believe that they could obtain a charitable deduction through a transfer of funds essentially from their right pocket to their left pocket. Accordingly, respondent's determination of the 1978 deficiency and the additions to tax under section 6653(a), must stand. To reflect the foregoing, as well as the concessions by the parties, Decision will be entered under Rule 155.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954 as amended, and in effect in 1978. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. See also .↩